UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| HEAD MANAGEMENT GROUP, INC. d/b/a CORE MARK, | ) ) ) | CASE NO. |
| *Plaintiff,* | ) ) ) | |
| v. | ) ) ) | |
| CINCINNATI CASUALTY COMPANY, | ) ) ) | |
| *Defendant.* | ) ) | |

### COMPLAINT FOR DAMAGES AND FOR TRIAL BY JURY

Head Management Group, Inc d/b/a Core Mark, brings this action against Defendant Cincinnati Casualty Company relating to claims made under that certain policy of insurance identified below issued by Defendant to Plaintiff, which alleges to the Court, as follows:

### JURISDICTION AND VENUE

1.

Head Management Group, Inc. d/b/a Core Mark, (hereinafter "Plaintiff"), is a corporation organized and existing under the laws of the State of Georgia with its principal place of business in Cobb County as a commercial business and is located in Smyrna, Georgia.

1

2.

At all times material hereto, Defendant Cincinnati Casualty Company ("Cincinnati") is believed to be a Ohio corporation, as a subsidiary of the Cincinnati Insurance Company, engaged in the business of insurance and is authorized to transact business in the State of Georgia and may be served with process by serving a copy of the Summons and Complaint upon Defendant's registered agent, Bernie Kistler, 3700 Crestwood Pkwy NW, Suite 440, Duluth, Georgia 30096

3.

This Court has subject matter jurisdiction over this action under 28 U.S.C. §1332 in that there exists diversity of citizenship between the parties who are citizens of different states and/or subjects of different countries, and the value of this case exceeds $75,000, exclusive of interest, fees and costs. Venue in this Court is proper in that actions arising in Cobb County, Georgia, as in this case, are properly filed in the Atlanta Division of this District Court.

4.

This Complaint originates as the result of covered causes of loss, including, but not limited to, hail and storm damage that permanently damaged the roof structure of Plaintiff's property located at 4820 North Church Lane, Smyrna, Georgia 30080 (hereinafter the "Insured Premises") on or about May 17, 2012, and subsequent thereto.

## FACTS COMMON TO ALL COUNTS

5.

Defendant Cincinnati, at all times relevant, was an insurance company authorized to issue policies in the State of Georgia similar to the policy issued to Plaintiff forming the subject matter of this action.

6.

At all times relevant, the Insured Premises was a commercial building operating under the business name of Core Mark.  At all times material hereto, Plaintiff was a named insured under an insured contract whereby Defendant Cincinnati agreed to insure the Insured Premises against risks of direct physical loss to covered property subject to the policy terms and provisions.

7.

The Policy provided insurance coverage for hail and storm related damages on the Insured Premises and loss of business income, amongst other commercial property coverages provided under the Policy.  With respect to the building, the coverage at all times was and is afforded limits were on a "Replacement Cost" basis.  A true and correct copy of the pertinent property insurance provisions in the Policy is attached as Exhibit "1" and fully incorporated by reference herein.  To maintain the policy in full force and effect, Plaintiff timely paid the required premiums due.

8.

On or about May 17, 2012, and subsequent thereto, hail and storm related conditions caused damage to the roof of the Insured Premises (hereafter the "Loss") and other losses covered under the subject Policy.

9.

The subject Loss has been reported in a timely manner to Cincinnati in compliance with the Notice condition in the subject policy.

10.

Plaintiff has fulfilled all of the duties and conditions after the Loss that were imposed by the Policy to the satisfaction of Defendant, except as those conditions and duties, if any, that Defendant has waived, or is estopped for asserting.

11.

Despite the fact that Plaintiff has fulfilled all duties imposed upon it by Defendant and the damage to the Insured Premises is a result of a covered cause of loss, Defendant has denied Plaintiff's claim for insurance proceeds or otherwise unjustifiably failed to fully indemnify Plaintiff for its losses under the terms of the Policy.

12.

Defendant's refusal to pay the Insured the amounts owed to it as a result of the Loss is without justification and constitutes a material breach of contract causing damages to Plaintiff, all as alleged in this Complaint. Plaintiff has been forced to seek legal counsel and to initiate this litigation to recover the insurance proceeds to which it is entitled.

## COUNT I.
## COUNT I.   BREACH OF CONTRACT

13.

The allegations contained in paragraph 1-12 of this Complaint are fully incorporated herein by reference.

14.

The policy issued by Defendant is a binding contract, and is supported by valid consideration.

15.

Defendant is in total, material breach of the Policy, and therefore Defendant is liable to Plaintiff in the maximum amount allowed by the Policy for the Loss. Specifically, Defendant's breach of contract includes the following without limitation:

    a.    Defendant's failure and refusal to pay the amounts owed to Plaintiff under the "Building" coverage afforded by the Policy; and

    b.    Defendant's failure and refusal to pay such other amounts to Plaintiff as may be required by the Policy to indemnify Plaintiff for its losses.

16.

The breach of the policy, and Defendant's failures as set forth above, has caused extensive losses to Plaintiff and such losses continue to compound to the present day in a sum according to proof but in an amount in excess of $100,000, for which proved amount Defendant is liable to Plaintiff.

WHEREFORE, Plaintiff prays as follows:

    1.    That process issue and Defendant be served with process in this case pursuant to Georgia law;

    2.    That Plaintiff receive a judgment against Defendant for structural and other damages in a sum of not less than $100,000, subject to proof;

    3.    That Plaintiff receive a trial by jury of all issues triable by a jury; and

    4.    For such other and further relief as this Court deems just and proper, including costs of suit.

/s/ **<u>Jeffrey D. Diamond</u>**
Jeffrey D. Diamond
Georgia Bar No. 599994
*Attorney for Plaintiff*

Jeffrey D. Diamond
Law Offices of Jeffrey D. Diamond
3330 Cumberland Blvd., Suite 600
Atlanta, Georgia 30339
(404) 814-0000, Ext. 201 telephone;
(404) 816-8900 facsimile
jdiamond@diamlaw.com

THE VOSS LAW FIRM, P.C.
Bill L. Voss
Texas Bar No. 24047043
Scott G. Hunziker
State Bar No. 24032446
*Attorneys for Plaintiff*
**(Pending approval of application for *Pro Hac Vice* admission)**

The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile:  (713) 861-0021